09-2247-ag
Lin v. Holder

BIA
A077 007 747

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

BI YING LIN,
> *Petitioner,*

v.                                        09-2247-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          *Pro Se.*

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Lyle D. Jentzer, Assistant
                         Director; Zoe J. Heller, Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bi Ying Lin, a native and citizen of the People's Republic of China, seeks review of an April 30, 2009, order of the BIA denying her motion to reopen. *In re Bi Ying Lin*, No. A077 007 747 (B.I.A. April 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Lin's second motion to reopen was indisputably untimely, as it was filed more than six years after the BIA issued a final order in her case. However, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that the birth of Lin's two U.S. citizen children and her involvement in an underground Christian church reflected changes in her personal circumstances rather than changed country conditions in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 272, 274 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"). The BIA also did not abuse its discretion in concluding that the documentary evidence Lin submitted did not meaningfully demonstrate that conditions in China have changed since the time of her first hearing. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315,342(2d Cir. 2006) (holding that the weight afforded to the evidence lies largely within the agency's discretion).

Furthermore, contrary to Lin's argument, the record does not compellingly suggest that the BIA failed to consider any material evidence. *See id.* at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly

3

suggests otherwise"). Rather, the BIA properly declined to credit the letters Lin submitted based on the Immigration Judge's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

Moreover, because Lin failed to establish changed country conditions in China sufficient to excuse the untimely filing of her motion to reopen, the BIA did not abuse its discretion in denying her motion to file a successive asylum application. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 152 (2d Cir. 2008) (holding that a properly filed motion to reopen is a prerequisite to the filing of a new asylum application when the petitioner is under a final removal order).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4